**FILED**

OCT 0 8 2019

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARMANE SMITH,         )
                                   )
        Plaintiff,         )
                                   )
        v.                      )        Civil Action No. 19-2768 (UNA)
                                   )
UNITED STATES OF AMERICA, *et al.*,  )
                                   )
        Defendants.       )

## MEMORANDUM OPINION

This matter, filed *pro se*, is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The application will be granted, and this case will be dismissed.

A *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Plaintiff is a resident of Memphis, Tennessee. She sues the United States of America and Congressman Jerrold Nadler as Chairman of the House Committee on the Judiciary. Apparently dissatisfied with the outcome of cases she has filed in state and federal courts, and the imposition of sanctions imposed by the United States District Court for the Western District of Tennessee,[1] she demands a monetary award of $100 billion. Missing from her complaint are any factual allegations to establish a basis for this Court's jurisdiction and to support a plausible legal claim against either named defendant. Therefore, the Court will dismiss the complaint without prejudice. A separate order accompanies this Memorandum Opinion.

DATE: October 7, 2019

CHRISTOPHER R. COOPER
United States District Judge

---

[1] *See Smith v. Dell, Inc.*, No. 2:06cv2496 (W.D. Tenn. Jan. 24, 2007).